FILED
United States Court of Appeals
Tenth Circuit

December 6, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DEREK WILLIAMS,

      Defendant - Appellant.

No. 10-3115
(D.C. Nos. 5:09-CV-04136-JAR and
5:06-CR-40132-JAR-1)
(D. Kansas)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

Derek Williams, a federal prisoner, seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The matter is before this court on Williams's request for a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Williams has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

Williams was charged in a multi-count indictment with crimes relating to the distribution of crack cocaine. Williams entered into a written plea agreement

with the Government wherein he agreed to plead guilty to the charge of conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. The Government agreed to dismiss the remaining charges and not file any additional charges against Williams arising out of the facts forming the basis for the indictment. The written plea agreement also contained a waiver of Williams's right to directly appeal or collaterally attack his conviction and sentence.

Notwithstanding the waiver, Williams filed the instant § 2255 motion raising five claims of ineffective assistance of counsel, including a claim he received ineffective assistance of counsel in connection with the negotiation of the plea agreement. The Government sought to enforce the waiver and filed a motion to dismiss Williams's § 2255 motion. The district court concluded (1) four of Williams's claims fell within the scope of the appeal waiver and (2) Williams knowingly and voluntarily entered into the plea agreement and waiver. *See United States v. Hahn*, 359 F.3d 1315, 1325-27 (10th Cir. 2004). The court further concluded that enforcing the waiver would not result in a miscarriage of justice, rejecting Williams's fifth claim—that the waiver was rendered invalid by the ineffective assistance of counsel in connection with its negotiation. *See id*. at 1327; *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Accordingly, the district court enforced the waiver and denied Williams's § 2255 motion.

In his appellate brief, Williams challenges the denial of his § 2255 motion. This court cannot reach the merits of Williams's appeal unless we first grant him a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Williams must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Williams has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Williams need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Williams's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes he is not entitled to a COA. The district court's resolution of Williams's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings.

Accordingly, this court **denies** Williams's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge